WILMERHALE

August 12, 2025

**VIA ECF**

Alan E. Schoenfeld

+1 212 937 7294 (t)
+1 212 230 8888 (f)
alan.schoenfeld@wilmerhale.com

Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:    *Divney v. DoorDash, Inc. and Apple Payments Services, LLC*,
> No. 1:25-CV-05708-MMG – Request for Stay of Apple Payments Services LLC's
> Deadline to Respond to Complaint Until After Possible Arbitration

Dear Judge Garnett,

On behalf of Defendant Apple Payments Services, LLC ("APS") and pursuant to Rule I.B.5 of this Court's Individual Rules, APS writes to request that the Court stay APS's current deadline to respond to the Complaint as follows: (1) if the Court grants a motion to compel arbitration that may be filed by Defendant DoorDash, Inc., under the arbitration clause in its consumer terms and conditions, then APS's motion to dismiss would be due 30 days after the case returns to the court from arbitration; or (2) if the Court denies any motion to compel arbitration filed by DoorDash, then APS's motion to dismiss would be due 30 days after the Court's denial order.

Good cause exists for this relief. Plaintiff's claims against DoorDash and APS arise from allegations relating to Plaintiff's use of the DoorDash delivery platform. *See* ECF 1-1, Compl. ¶¶ 20-40, 41-85 (counts). DoorDash's Consumer Terms and Conditions include an Arbitration Agreement, which provides that DoorDash consumers:

> [A]gree that any dispute or claim arising out of or relating in any way to the subject matter of the Agreement, to your access or use of the Services as a User of the Services, to any advertising or marketing communications regarding DoorDash or the Services … or to any aspect of your relationship or transactions with DoorDash as a User of our Services … , will be resolved by binding arbitration.

*See* Ex. 1 (Arbitration Agreement, DoorDash Consumer Terms & Conditions) § 14; *see also id.* at 1 ("Section 14 of this Agreement … sets forth our arbitration agreement which will require disputes between us to be submitted to arbitration, with limited exceptions."). On its face the Arbitration Agreement applies "without limitation, to all claims that arose or were asserted before, on, or after the effective date of this Agreement." *Id.* § 14.

The current deadline for both DoorDash and APS to respond to the Complaint is August 18. On that date, APS expects that DoorDash will move to compel arbitration. On the other hand,

Hon. Margaret M. Garnett
August 12, 2025
Page 2

**WILMERHALE**

APS's Apple Pay & Wallet Terms and Conditions, which APS contends governs Plaintiff's use of Apple Pay related to this case, does not contain a mandatory arbitration provision. Ex. 2. Absent a stay, APS would file a motion to dismiss on August 18.

Good cause exists for staying APS's deadline to respond to the Complaint because it would not be an efficient use of the parties' and the Court's time and resources to consider APS's motion to dismiss while also considering a likely motion from DoorDash to compel arbitration. Plaintiff's claims against DoorDash and her claims against APS arise from the same allegedly unauthorized charge for DoorDash's "DashPass" subscription service. *See* ECF 1-1, Compl. ¶¶ 20-40. Plaintiff alleges that DoorDash charged her $9.99 for this service without her authorization and that the charge was processed through APS. *See id.* ¶¶ 24- 28, 35-36. She alleges that this is contrary to DoorDash's agreements and APS's marketing statements. *See id.* ¶ 36. As a result, Plaintiff's claims against both DoorDash and APS will likely turn on similar arguments and evidence.

Courts in this district frequently stay proceedings where the claims between signatories to an arbitration provision are intertwined with the claims between a signatory to the same arbitration provision and a non-signatory. *See, e.g., Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 489 (S.D.N.Y. 2011) ("A stay is usually appropriate where arbitrable and non-arbitrable claims arise out of the same set of facts and arbitration may decide the same facts at issue in the litigation."); *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 75-76 (2d. Cir. 1997) (staying suit by non-signatory pending related arbitration, under the court's "inherent powers" to manage its docket). The decision of whether to stay proceedings as to the non-arbitrating parties is left to the sound discretion of the trial court. *See, e.g., Moses H. Cone Mem'l Hosp*, 460 U.S. at 20 n.23 ("In some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court ... as a matter of its discretion to control its docket.").

If DoorDash moves to compel arbitration, and the Court holds that Plaintiff's claims against DoorDash are subject to arbitration, the arbitral proceeding will address key issues impacting Plaintiff's claim against APS, including whether she authorized the charges at issue. For that reason, it would be more efficient for the Court to decide any possible motion to compel arbitration before considering briefing on APS's motion to dismiss.

This relief would not impact any deadlines other than the briefing schedule on APS's motion dismiss.

Plaintiff does not consent to this request. DoorDash has indicated that it takes no position on this request.

This is APS's second request for an extension of time to respond to Plaintiff's Complaint. We appreciate the Court's attention and are available to address any questions the Court may have.

Hon. Margaret M. Garnett
August 12, 2025
Page 3

WILMERHALE

Respectfully submitted,

*/s/ Alan E. Schoenfeld*

Alan E. Schoenfeld

GRANTED in part.  The deadline for Apple Payments Services, LLC to respond to the Complaint is ADJOURNED *sine die*.  If DoorDash moves to compel arbitration, then the Court will discuss the parties' positions and appropriate next steps in the case at the Initial Pretrial Conference on September 4, 2025.  If DoorDash does not so move, the Court will set a new schedule for Apple Payments to respond to the Complaint.

The Clerk of Court is respectfully directed to terminate Dkt. No. 18.

SO ORDERED.  Dated August 13, 2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE